The Honorable Pat Flanagin State Representative P.O. Box 867 Forrest City, Arkansas 72335-0867
Dear Representative Flanagin:
This is in response to your request for an opinion on the following question, which you have asked in light of a recently issued Opinion, Number 91-165:
 If the board of directors of a school district and a majority of the teachers in the district agree to a distribution of the educational excellence funds to certified personnel on a basis other than an equal share basis, may the district distribute the funds in accordance with the agreement?
The answer to your question, as drafted, is "yes," so long as the distribution amounts to "raises" for the certified personnel to which the personnel would not already by law or contract be entitled.
Opinion No. 91-165 concluded that the "Educational Excellence Trust Fund" monies could not be used to fulfill the requirements of a school district's salary schedule in paying for additional education hours and years of teaching experience. This conclusion was mandated in light of the fact that such a distribution would not be "equal." See Opinion No. 90-128. Opinion No. 91-165 does not address the question of whether a majority of the teachers and the district can agree to an unequal distribution to be used to satisfy the educational and experience requirements of a salary schedule. That is the question now posed.
Act 10 of 1991 provides that the monies shall be utilized to provide "salary increases . . . and for no other purposes," and that the funds "shall be divided equally among all certified personnel unless the board of directors . . . and a majority of the teachers agree to a different distribution." Section 3. This language expressly gives, to a majority of the teachers and the district, the option to agree to an unequal distribution. Opinion No. 90-128 concluded that if this type of agreement was reached, then the funds in issue in that opinion could be used to fulfill the education and experience requirements of a salary schedule. The only impediment in that opinion to using the funds for these purposes was that the funds had to be distributed equally, absent an agreement. Thus, if there was an agreement, the funds could be used for the education and experience increments.
The same result obtains with regard to the "Educational Excellence Trust Fund" monies, with one qualification. These funds are to be used for "salary increases . . . and for no other purposes." Act 10 of 1991, Section 3. Additionally, Act 10 provides that its intent is to "supplement, not . . . supplant, funding for public education. . . ." With these purposes in mind, it is my opinion that if there is an agreement to this effect, the "Educational Excellence Trust Fund" monies may be used for the educational and experience requirements of the salary schedule, but only if the use of these funds results in increases in the salary schedule amounts to which the teachers would not already be entitled under current law or contract. These funds, in my opinion, could not be used to satisfy amounts under the existing education and experience requirements that teachers are already entitled to pursuant to the existing salary schedule. The intent of Act 10 would be violated if the result were otherwise.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb